**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

       v.                     Case No. 11-20551-39

ERIC HESTER,

       Defendant.

_____/

**ORDER STRIKING DEFENDANT'S JUNE 2, 2014, "NOTICE OF REVOCATION OF
PLEA AGREEMENT AND TERMINATION OF COUNSEL"**

On June 2, 2010, the Clerk of the Court docketed a "Notice of Revocation of Plea
Agreement and Termination of Counsel" filed pro se by Eric Hester. The court will strike
the notice because, at the time of the filing, Defendant was represented by counsel.
Thus, all filings must be made by the attorney of record.

Defendant is not entitled to represent himself while simultaneously represented
by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right
protected both by the Sixth Amendment to the United States Constitution and by federal
statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead
and conduct their own cases personally or by counsel . . . ."); *see also Faretta v.
California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540
(5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v.
Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a
party may chose *either* to represent himself or to appear through an attorney. There is
no right to "hybrid" representation that would result in simultaneous or alternating self-

representation and representation by counsel.  A person represented by counsel must rely upon that counsel.  *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writer).  In light of this case law, the court will only accept motions filed by Defendant's attorney of record.

IT IS ORDERED that Defendant Hester's June 2, 2014, "Notice of Revocation of Plea Agreement and Termination of Counsel" (Dkt. # 748) is STRICKEN from the docket of this court.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 5, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 5, 2014, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522